# THE SCOVILLE PLUMBING COMPANY, Appellant, v. THE HIGHLAND PARK LAND COMPANY.

**Payment: BY NOTE OF THIRD PERSON:** *Fraud.* It appeared that the defendant corporation and an improvement company employed the same secretary and treasurer, though in no other wise connected. Plaintiff contracted with the improvement company, and a third person, to construct a tile drain on property belonging to the improvement company. Plaintiff also contracted with the defendant to construct a tile drain on its land, adjoining that of the improvement company. The bills were presented to the secretary of both companies, who, in payment thereof, gave a note signed by the improvement company, for the amount due for the construction of both drains. The order issued by the defendant corporation upon its contract with plaintiff, was indorsed by plaintiff, and surrendered to the secretary, as an officer of the improvement company, and was subsequently paid by the treasurer of the defendant to the improvement company. It appeared that in all these transactions the plaintiff supposed that there was but one company, the defendant, with which it was dealing; but it did not appear that there was any misrepresentation, deceit, or fraud, on the part of the defendant, or its officers. *Held,* that a verdict for defendant was properly directed.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

SATURDAY, OCTOBER 17, 1896.

THE defendant company is a corporation, as is also the Oak & Highland Park Improvement Company. Both corporations owned lots in a part of the city of Des Moines. The two corporations have the same secretary, one W. W. Fink, and the same treasurer, one V. F. Newell. O. H. Longwell, acting for himself and for the Oak & Highland Park Improvement Company, made a contract with the plaintiff company, through its manager, Mr. Scoville, for the construction of a tile drain from his own cellar, and

also one from the cellar on an adjoining lot, belonging to the Oak & Highland Park Improvement Company, for the price of one hundred and forty-seven dollars. The plaintiff company also made a contract with Mr. Wilcoxen, who was a member of the Highland Park Land Company, to put a tile drain on its land, which was adjoining that of the Oak & Highland Park Improvement Company. The work was done on both contracts. In the record is a bill for one hundred and forty-seven dollars to O. H. Longwell from the Scoville Plumbing Company, a bill for one hundred and sixty dollars to Highland Park Land Company, and an order on V. F. Newell, treasurer of Highland Park Land Company, drawn by its secretary, W. W. Fink, payable to Scoville Plumbing Company, for one hundred and sixty dollars, with the indorsement of the Scoville Plumbing Company on the back. It seems that the order on the treasurer of the Highland Park Land Company, indorsed by the plaintiff, was surrendered to Fink, as secretary of the Oak & Highland Park Improvement Company, and a note taken, signed by the Oak & Highland Park Improvement Company, for the amount due for the construction of both drains. The Oak & Highland Park Improvement Company then presented an order, indorsed by the plaintiff company, to the treasurer of the Highland Park Land Company. The plaintiff brought suit on the note against the latter company, but withdrew it, and instituted this to recover for the work done on both contracts. The court, at the close of the evidence, directed a verdict for defendant. The plaintiff appealed.—*Affirmed.*

*A. A. Haskins* for appellant.

*Dudley & Coffin* for appellee.

GRANGER, J.—For brevity we will designate the defendant the land company, and the other corporation the improvement company. The following are the grounds of the motion on which the court directed the verdict for the defendant: *"First.* For the reason that the drain ordered by Longwell was never contracted for by the defendant company, the evidence showing the drain was never ordered by the defendant company, nor any one else authorized by it to order same, nor ever agreed to pay for same. *Second.* For the reason that the evidence shows the defendant company. has paid for the second drain the sum of one hundred and sixty dollars, and that the plaintiff accepted the note of the Oak & Highland Park Improvement Company, and that the Highland Park Land Company is not indebted to the plaintiff." The two corporations are in no way identical, except that each has the same person for secretary and the same person for treasurer. The organizations and property rights are distinct, so far as the record shows. It does appear that both are working to advance the value of property in the locality where plaintiff did the work. Mr. Longwell, who employed plaintiff to make one drain, had no interest in the land company, but he was president of Highland Park College, which we understand to belong to the improvement company. Mr. Wilcoxen, who made the contract with plaintiff for the land company, has no interest in the improvement company. These facts are without dispute. The work was done for separate corporations, under separate contracts. It is not claimed that the improvement company has paid for the work done under its contract. It does appear that Fink, as secretary of the land company, drew an order on its treasurer for the amount of the contract, and presented it to plaintiff, who indorsed it, and delivered it to Fink, for the

improvement company's note for the amount of the
two contracts, and that the land company has paid the
order to the improvement company. Under this state of
facts it clearly appears, as stated in the motion, that the
defendant, the land company, never ordered the work
contracted for by Longwell, nor ever agreed to pay
for it. It did contract for the work done under the
contract with Wilcoxen, and has paid for it. The
claim made against this showing is that Scoville did
not understand there were two corporations. It
appears from his testimony that he thought all the
land was owned by one corporation, and he supposed
he was dealing alone with the land company. There
is no claim of a misrepresentation in such respects, by
either Longwell or Wilcoxen, or, for that matter, by
anyone, when the contracts were made. He was told
by Longwell that he would have to look to the com-
pany for his pay.; that he would have to go to Mr.
Fink. This seems to have been well understood. We
gather from the record that the presentation of the
separate bills of account, the giving of the receipt to
the land company, the acceptance, indorsement, and
delivery of the order by the land company on its treas-
urer, by the improvement company, and the taking of
the note of the improvement company for the entire
amount of the contracts, were all done with Mr. Fink,
in his different capacities as secretary of the two cor-
porations, because of which, with Mr. Scoville's under-
standing of but one corporation, the transactions may
not have been understood. In the making of the con-
tracts there were no conditions, arising from the
manner of doing the business, that could in any way
mislead. Mr. Scoville's mistake in that respect, arose
alone from his suppositions, formed independent of
the transactions. Hence, if the land company is to be
liable for a repayment on its contract, or for the debt
of the improvement company, or both, the obligation

must arise from some other cause than its contract for the work; for in the one case it did not so contract, nor receive the benefit of it, and in the other case it has paid for the work, and holds the plaintiff's receipt therefor. This action is not founded on a claim for deceit or fraud in making the settlement, which is the ground now urged in argument, but solely on a contract of employment. The court was clearly right in directing a verdict, and its judgment is AFFIRMED.